## Adams v. Commonwealth.

October 13, 1950.

Edward P. Hill, Judge.

Joe Hobson for appellant.

A. E. Funk, Attorney General, W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE LATIMER—Reversing.

Appellant, Malcolm Adams, and the prosecuting witness, Sherman Adams, are brothers. They live on adjoining tracts of land separated by a small stream. This land was inherited from their father. It appears that Malcolm Adams had placed a quantity of brush, weighted down with rock, on his side of the stream, thereby diverting the stream and causing it to flow against and cut into the land of his brother.

The Grand Jury indicted Malcolm, charging him with the offense of damaging and destroying property as provided in KRS 433.240. Upon trial the jury found him guilty and fixed his fine at the sum of $50.00. He prays an appeal to this court, relying for reversal upon: (1) The court erred in overruling the demurrer of the

appellant to the indictment. (2) The court erred in overruling appellant's motion for a directed verdict. (3) The court erred in admitting incompetent and irrelevant evidence. (4) The court erred in instructing the jury. (5) The court should have set aside the verdict of the jury because of newly discovered evidence. (6) The court should have granted a new trial because of the misconduct of the prosecuting witness, Sherman Adams.

We have no hesitancy in saying that the legislative purpose as set out in the above statute does not embrace this class of cases. Here we have a man who places brush and stone in holes or gulches within the boundary of his own land for the purpose of preventing erosion. This is an act which he had a right to do. If, on the other hand, this act caused damage to the land of his brother across the creek, it would also burden him with the responsibility of any occasioned damages. We think we would be going far afield if we did not hold that this sort of action was not within the contemplation of the above statute. The court should have directed a verdict for the defendant, thus leaving to this prosecuting witness his remedy by civil action. For discussion of legislative intent see Commonwealth v. Barney, 74 S.W. 181, 24 Ky. Law Rep. 2352.

Thus concluding, it is unnecessary to discuss the questions raised by appellant.

The judgment is reversed for proceedings consistent herewith.